**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Sylvester NNAJI, Defendant–Appellant.**

No. 03–1570.

United States Court of Appeals,
Sixth Circuit.

March 18, 2004.

Before KENNEDY, ROGERS, and COOK, Circuit Judges.

## ORDER

Sylvester Nnaji pled guilty to conspiring to distribute and to possess heroin for

intended distribution, a violation of 21 U.S.C. § 846. On April 18, 2003, he was sentenced to eighty-seven months of imprisonment and five years of supervised release. It is from this judgment that Nnaji now appeals. The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a)

We review the sentencing court's legal conclusions *de novo*, while examining its factual findings for clear error. *See United States v. Henderson*, 209 F.3d 614, 617 (6th Cir.2000).

Nnaji now argues that the court erred by failing to hold a hearing on the question of whether the government had acted unreasonably or in bad faith when it decided not to move for a downward departure, based upon his alleged cooperation in other investigations. *See* USSG § 5K1.1. Our court has repeatedly held that the government's decision not to make a motion under § 5K1.1 is not reviewable in the absence of an unconstitutional motive, such as racial or religious discrimination. *See, e.g., United States v. Moore*, 225 F.3d 637, 641, 643–44 (6th Cir.2000).

Nnaji has not alleged that the government's decision was based on an unconstitutional motive. Instead, he urges us to change this court's policy and allow the district court to resolve his claim that the government acted in bad faith when it evaluated the extent of his cooperation. This argument is unpersuasive because Nnaji's plea agreement gave the government exclusive discretion to determine whether a departure was warranted under § 5K1.1. Moreover, the government provided the sentencing court with specific reasons for its decision not to make such a motion in Nnaji's case. At any rate, we are bound by our court's published decisions on this matter, including *Moore*. *See*

*United States v. Hawkins*, 274 F.3d 420, 427–28 (6th Cir.2001).

Nnaji also argues that the sentencing court should have granted his motion for a downward departure under USSG § 5K2.0, as the circumstances of his case took it outside of the heartland of cases that are considered by the sentencing guidelines. He primarily argues that Nigerian authorities may impose an additional sentence if he is deported, that his sentence adversely affects his family, that he has accepted responsibility and cooperated with the government, that he was confined in a county jail prior to sentencing, that other inmates may try to harm him for cooperating with the government, and that he will suffer "cultural consequences" if he is deported.

The sentencing court's decision not to depart downward from the applicable guideline range is not appealable, unless the court incorrectly believed that it lacked the authority to do so. *Moore*, 225 F.3d at 643. There is no indication that the district court judge was unaware of his discretion to depart downward in appropriate cases. Thus, his well-informed decision not to exercise that discretion here is not reviewable on appeal. *See id.; Henderson*, 209 F.3d at 617–18.

Finally, Nnaji argues that the district court erred by effectively ordering that he be deported to Nigeria when he is released from prison. This argument is refuted by the record, which shows that the court merely recommended that he be deported in an appropriate manner so that his time of actual incarceration would not be increased while removal proceedings were pending.

Accordingly, the district court's judgment is affirmed.